UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x   Index No.: 11-CV-5792 (NG)(RLM)
JERMAINE CLARKE,

**AMENDED COMPLAINT**

                     Plaintiff,

**DEMAND FOR JURY TRIAL**

   -against-

THE CITY OF NEW YORK,
P.O. ALNALDO RODRIGUEZ,
and JOHN DOES1 thru 5, all of the 67th Precinct,

                     Defendants.
---------------------------------------------------------------x

      JERMAINE CLARKE, by his attorney, Chidi Eze, Esq., complaining of the City of New York and the defendant Police Officers, all of NYPD's 67th Precinct, upon information and belief, alleges as follows:

## JURISDICTION

     1.    This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

     2.    Jurisdiction is specifically conferred on the United States District Court by

1

28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a citizen of the United States, residing in Brooklyn, City & State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the 67th Precinct.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants' actions. Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. The claim arose out of the incidents that transpired on April 18, 2011, at approximately 9:45 P.M., at 3103 Foster Avenue, 6A, in Brooklyn, New York, County of Kings, City and State of New York.

9. On the evening of April 18, 2011, at approximately 9:45 p.m., plaintiff was at his home with his wife and friends playing video games when approximately Six (6) uniformed police officers from NYPD's 67th Precinct broke down his front door and rushed into his apartment. These officers, with guns drawn, slammed plaintiff to the wall, twisted his hands backwards and applied handcuffs on him. After applying handcuffs, the officers proceeded to ransack plaintiff's apartment and in the process scattered his personal belongings all over the place, damaging and destroying as they went along, including but not limited to the damage of his television set. Plaintiff's apartment was completely torn apart causing several items to be damaged or missing. Plaintiff was also subjected to bodily search at the apartment.

10. Following the illegal home invasion and search, which turned out nothing incriminating, plaintiff was transported, along with two of his friends to the 67th Precinct where he was finger-printed, searched again and processed. The officers continued to refuse to tell plaintiff why his home was invaded and himself manhandled and arrested.

11. Plaintiff who worked right across the street from his home at the time of the incident, describes how embarrassed he was when he was paraded outside his apartment and work place in handcuffs while neighbors and work colleagues watched him being led away in shackles shamefully.

12. At the precinct, plaintiff was charged with marijuana possession. From the 67th Precinct, plaintiff was taken the following day, April 19, 2011, to Kings County Central Bookings, located at 120 Schermerhorn Street in Brooklyn.

13. On April 20, 2011, at approximately 12:45 AM., plaintiff was arraigned before a judge and was forced to accept ACD and released thereafter.

14. As a result of the actions of the defendants, plaintiff lost his New York City job for a period of time, consequently losing income for that period. Further, these actions caused plaintiff's wife to demand immediate relocation from the incident neighborhood, causing plaintiff additional financial hardship and loss of consortium love and affection therefrom.

15. Further, plaintiff was deliberately and sadistically manhandled, arrested and imprisoned for no legitimate reason. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious financial and emotional injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts and permanent scarring.

17. The illegal and unlawful arrest and wrongful imprisonment of plaintiff, particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge

        that plaintiff did not commit any crime, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, reputation injuries, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

19. In light of the foregoing, plaintiff has been damaged by the actions of the City of New York and its agents, was publicly humiliated, was arrested and imprisoned for over 27 hours without probable cause, lost respect and dignity before friends, family, clients and work colleagues.

20. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

21. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, and knowingly concealed violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including the defendants in this case, to engage in these unlawful conducts.

## AND AS FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is

repeated verbatim herein.

23. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to her under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments. By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

24. As a result of the seizure of his person, Plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff

for approximately 27 hours without probable cause, deprived him rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

27. Plaintiff was denied his freedom and liberty, and therefore suffered, financial, emotional and mental distress as a result. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of his rights under State and Common Laws and for emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for his New York State Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29. Defendant Officers knowingly or recklessly ravaged, damaged and destroyed personal belongings of plaintiff causing him severe financial loss, when they illegally ransacked his apartment in violation of his 4th amendment rights to be free from illegal search and seizure. These actions were carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore order, in violation of Plaintiff's 4th, 5th, 8th, and 14th Amendment rights to be free from inhumane treatment and illegal search and seizure. By these actions, the defendant officers conspire to deny plaintiff his

      Constitutional rights secured by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above. Said action was also in violation of New York State Constitution and the common law.

30. As a result of said actions, Plaintiff claims compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A FOURTH CAUSE OF ACTION

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each paragraph is repeated verbatim herein.

32. The defendants intentionally and/or negligently inflicted emotional and financial hardship upon plaintiff as a result of the actions complained of herein, in violation of New York State common law, and as such plaintiff seeks compensatory damages in the amount of $2,000,000 and punitive damages in the amount of $400,000.

## AND AS FOR A FIFTH CAUSE OF ACTION

33. Plaintiff repeats and re-alleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34. The defendants Tortuously interfered with plaintiff's property rights as a result of the actions complained of herein, in violation of Federal and New York State Laws, and as such plaintiff seeks compensatory damages in the amount of $2,000,000 and punitive damages in the amount of $400,000.

## AND AS FOR A SIX CAUSE OF ACTION

35. Plaintiff repeats and re-alleges paragraphs 1 through 34 as if each paragraph is repeated verbatim herein.

36. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department Therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained herein.

37. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of these rights, resulting in emotional and mental distress.  In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment against each and every defendant, jointly and severally, for each cause of action, as follows:

i. $2,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

    iii.    attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

    iv.    such other relief as the Court may deem just, proper and equitable.


Dated: Brooklyn, New York
       April 16, 2012

                        By:    /s/
                              CHIDI EZE (CE-4333)
                              Attorney for Plaintiff
                              255 Livingston Street, 3rd Floor
                              Brooklyn, NY 11217
                              (718) 643-8800